TROTT, Circuit Judge, concurring: Ordinarily it makes no sense to turn up the heat when the goose has already been cooked, but this case is an exception. The civil rights claims and arguments Jeffries and his attorney bring to us are utterly fanciful, delusional, and legally frivolous. The district court effectively so advised Jeffries and Ms. Chapman in a succinct and persuasive Order, but undaunted they appealed anyway. This appeal is an waste of precious judicial resources. Jeffries has no case. He was a probationary police officer. His step-son placed a recorded 9-1-1 call to Jeffries’ own department reporting that his mother, Pia Zadora, is “going crazy” and had grabbed his neck. When officers responded to the call at Jeffries’s home, Jeffries refused to cooperate, shouting at them from inside his house to “come back here and get me.” To quote the police report, he also said, “Why don’t you fucking come back here and get me.” His aggressive response caused the responding officers to call for SWAT backup. Eventually, his wife and step-son came out of the house, but not Jeffries. Because Zadora had been placed under arrest for “Battery Domestic Violence,” and the victim of her assault was out of danger, the police wisely took no further action. And what does Jeffries say about these facts? “I have very little actual recollection of the events of June 1, 2013 due to the fact that I was extremely intoxicated.” “I may or I may not have called out, if I did call out I do not recall what was said.” The uncontradicted police report states that Jeffries later admitted having “a couple of drinks at dinner” and later “consumed two bottles of red wine once back at home.” In Jeffries’s Opposition to Summary Judgment, counsel said, “Thé events of June 1, 2013 are for the most part agreed upon without substantive material issue.” “Due to his intoxicated state, Plaintiff cannot say what he did or did not say that evening.” In a Supplemental Opposition, counsel tacitly admitted Jeffries’s combative behavior but argued that all of it was protected by the Constitution. Counsel described her client’s allegedly constitutional behavior she attempts to justify as follows: The [Department’s] nonconfirmation hearing was based only upon Mr. Jef-fries conduct on June 1, 2013, specifically: 1) shouting expletives, specifically hvhy don’t you fucking come back here and get me’ which caused the on scene sergeant to declare a barricade situation and call SWAT out; 2) he made no effort to contact police on the scene; and 3) he failed to obey commands to exit his house and speak with officers on the scene. Enough, Three judges’ chambers have carefully examined this case and found it seriously wanting. I write separately because it behooves counsel to learn from this misadventure that appealing just because you can is unprofessional, as is indiscriminately throwing fatuous civil rights claims and arguments against the wall to see if something sticks. Worse, to suggest to a client that claims and arguments like these have merit is beyond the pale. Under no sober reading of the Constitution or 28 U.S.C. § 1983 could this possibly be a civil rights case. In the final analysis, the most important thing an attorney can have is judgment, not a word processor. The same is true of a police officer. Based on his documented behavior as a probationary officer, to give Jeffries a badge, handcuffs, a firearm, and the authority to arrest people would not have been the Las Vegas Metropolitan Police Department’s finest hour.